UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIRGINIA ORTINO, an individual,

    Plaintiff,

v.                                      Case No: 2:14-cv-693-FtM-29CM

THE SCHOOL BOARD OF COLLIER COUNTY,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss (Doc. #12) filed on January 7, 2015. Plaintiff filed a Response (Doc. #13) on January 20, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Virginia Ortino (Ortino) has filed a three-count Complaint (Doc. #1) against Defendant the School Board of Collier County, Florida (the School Board or District) alleging violations of the False Claims Act (FCA), the Florida False Claims Act (FFCA), and the Florida Whistleblower's Act (FWA). The underlying facts, as set forth in the Complaint, are as follows:

Ortino was hired by the District as a teacher in 2000. Sometime thereafter, she took a position as a Career Education Manager. (Id. at ¶ 9.) In 2007, Ortino became aware of

misappropriation of federal and state funds by the District. (Id. at ¶ 10.)  When Ortino filed an internal complaint concerning the alleged misconduct with her supervisor, she was subjected to a hostile work environment and was told that pursuing her complaint would result in her being "blackballed" from working in the District.  (Id. at ¶¶ 10-15.)  Her supervisor suggested that she instead resign as a Career Education Manager and apply for other teaching positions within the District.  (Id. at ¶ 15.)

Ortino resigned from her position and, from 2008 to 2014, applied for more than 100 teaching positions within the District. Ortino was not hired for any of these positions.  (Id. at ¶ 20.) In one instance, a principal within the District had decided to hire Ortino, only to have that decision reversed by one of Ortino's former supervisors.  (Id. at ¶¶ 32-37.)  While applying for a teaching position in 2014, Ortino became aware that the District's computer system listed Ortino as ineligible for full-time employment as a teacher.  (Id. at ¶¶ 41-58.)  According to Ortino, the District deemed her ineligible in retaliation for her reporting the misappropriation of federal and state funds.  (Id. at ¶ 58.)

Based on these allegations, Ortino brings causes of action against the District for violations of the FCA (Count I), the FFCA (Count II), and the FWA (Count III).  The District now moves to dismiss all three counts, arguing (1) that Ortino cannot maintain her FCA and FFCA claims because she was not an employee at the

time of the alleged retaliation; (2) that each count is barred by the statute of limitations; (3) that Ortino's FWA cause of action fails to state a claim upon which relief can be granted; and (4) that Ortino failed to satisfy certain FWA pre-suit obligations. Ortino concedes that her FFCA cause of action (Count II) is subject to dismissal, but argues that her FCA and FWA causes of action are both timely and adequately pled.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

3

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A.  Count I – False Claims Act**

"The FCA prohibits fraud against government programs" and allows either the United States government or private citizens to file civil lawsuits to enforce its provisions. U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 809 (11th Cir. 2015). To encourage private citizens with knowledge of FCA violations to come forward, the FCA contains an anti-retaliation provision which prohibits employers from discharging, demoting, threatening, harassing, or otherwise discriminating against an employee who acts in furtherance of an FCA claim or attempts to stop an FCA

4

violation. 31 U.S.C. § 3730(h). Employers who violate the anti-retaliation provision are subject to civil suits by aggrieved employees. Id. To prevail on an FCA retaliation claim, a plaintiff must show (1) that he engaged in conduct protected by the FCA; (2) that the defendant was aware of the plaintiff's actions; and (3) that the plaintiff was discriminated against in retaliation for his conduct. Mack v. Augusta-Richmond Cnty., 148 F. App'x 894, 897 (11th Cir. 2005).

The prototypical example of conduct protected by the FCA is the filing of an FCA claim. U.S. ex rel. Sanchez v. Lymphatx, Inc., 596 F.3d 1300, 1303 (11th Cir. 2010). The FCA also protects employees from retaliation if "there was at least a distinct possibility of litigation under the [FCA] at the time of the employee's actions." Id. (quotation omitted). Thus, the FCA prohibits retaliation against an employee who "put her employer on notice of possible [FCA] litigation by making internal reports that alert the employer to fraudulent or illegal conduct," even if an FCA claim is never filed. Id. at 1304. But, mere reporting of wrongdoing to supervisors, without alleging that the wrongdoing constitutes fraud on the government, does not qualify as protected conduct. Put simply, "[i]f an employee's actions, as alleged in the complaint, are sufficient to support a reasonable conclusion that the employer could have feared being reported to the government for fraud or sued in a *qui tam* action by the employee,

5

then the complaint states a claim for retaliatory discharge under § 3730(h)." Id.

Here, Ortino alleges that her report to the District complained of misappropriation of federal and state funds and explained that she was being asked to sign off on fraudulent grant applications. Taken as true, the Court concludes that these allegations support a reasonable conclusion that the District could have feared being reported to the government for fraud. Ortino further alleges that, as a result of her report, she was blacklisted from working as a teaching with the district. Accordingly, Ortino has adequately pled an FCA retaliation cause of action. Nevertheless, the District argues that Ortino' claim is barred because (1) the FCA's whistleblower protections do not extend to former employees; and (2) the statute of limitations has expired. The Court will address each in turn.

(1) **FCA Protection for Former Employees**

The District argues that, by its plain terms, the FCA's anti-retaliation provision applies only to current employees. Because Ortino alleges that the District's discrimination did not occur until after she resigned, the District argues that she is precluded from invoking the FCA's protections.

The District is correct that the FCA's anti-retaliation provision refers only to employees. The statute does not define the term "employee," nor does its text provide any guidance

6

regarding the proper interpretation of the term. However, the FCA's legislative history explains that "the definitions of 'employee' and 'employer' should be all-inclusive" and that "[t]emporary, blacklisted or discharged workers should be considered 'employees' for purposes of this act." S. Rep. 99-345, at 34 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5299 (1986). Although neither the parties nor the Court was able to locate applicable Eleventh Circuit precedent, the Sixth Circuit has reasoned that this legislative history suggests that Congress intended to extend the FCA's whistleblower protections to former employees. Vander Boegh v. EnergySolutions, Inc., 772 F.3d 1056, 1063 (6th Cir. 2014).

The Sixth Circuit's conclusion in Vander Boegh is bolstered by the Supreme Court's similar interpretation of the anti-retaliation provision in Title VII of the Civil Rights Act. In Robinson v. Shell Oil Co., the Supreme Court addressed whether Title VII's anti-retaliation provision protected both former and current employees. 519 U.S. 337, 341 (1997). Title VII's anti-retaliation provision is nearly identical to the FCA's and, like the FCA, Title VII uses the term "employees" without providing a definition. 42 U.S.C. § 2000e-3(a). While the Supreme Court noted the plain text of the statute "would seem to refer to those having an existing employment relationship with the employer in question," such an interpretation "does not withstand scrutiny" in

7

light of the intent of the anti-retaliation provision, Congress's choice not to use the phrase "current employees," and that fact that an employer could discriminate against an individual long after that individual ceased to be employed.  Robinson, 519 U.S. at 341-46.  Therefore, the Supreme Court concluded that, for the purposes of Title VII's anti-retaliation provision, the term "employees" encompassed both current and former employees.

Here, the Court is persuaded by the analysis in Vander Boegh and Robinson, and likewise holds that the FCA's anti-retaliation provision extends to former employees such as Ortino.  Therefore, the District's motion to dismiss on this basis is denied.

**(2) Statute of Limitations**

The District contends that Ortino's FCA claim falls outside the three year statute of limitations.  Ortino concedes that the FCA *now* carries a three year limitations period, but argues that a four year statute of limitations applied to causes of action accruing prior to 2010.[1]  The Court need not determine the applicable statute of limitations at this time, because Ortino alleges that she was retaliated against as recently as August 9, 2014, when her most recent application was rejected.  Accordingly,

---

[1] Prior to its 2010 amendments, the FCA contained no explicit statute of limitations.  31 U.S.C.A. § 3730 (2010).  During that time period, "the most closely analogous state limitations period" applied to FCA retaliation claims.  Foster v. Savannah Commun., 140 F. App'x 905, 908 (11th Cir. 2005).

8

even if Ortino's FCA claim is subject to a three year limitations period, Ortino has alleged at least one timely instance of retaliation. Thus, the District's motion to dismiss on this basis is denied.

**B.     Count III – Florida Whistleblower's Act**

The FWA prohibits a state agency from dismissing or disciplining an employee for disclosing violations or suspected violations of federal, state, or local law, or any act of gross mismanagement, malfeasance, or misfeasance.  Fla. Stat. § 112.3187.  Ortino alleges that the District violated the FWA by refusing to rehire her in retaliation for filing a complaint concerning the District's misappropriation of state and federal funds.  An FWA employment retaliation claim is analyzed via the same framework as retaliation claims brought pursuant to Title VII of the Civil Rights Act.  Turner v. Inzer, 521 F. App'x 762, 764 (11th Cir. 2013).  Therefore, to state an FWA employment retaliation claim, a plaintiff must allege that: (1) she engaged in an activity protected by the FWA, (2) she suffered an adverse employment action, and (3) a causal connection existed between the protected activity and the adverse employment action.  Id.

As detailed above, Ortino alleges that she filed a written internal complaint regarding the felonious misappropriation of federal and state funds and that, as a result, she was blacklisted from future employment as a teacher within the District.  Taken as

true, these allegation are sufficient to state a claim for a violation of the FWA.

Nevertheless, the District argues that Count III must be dismissed because Ortino failed to exhaust administrative remedies prior to filing suit.[2] Prior to filing an FWA suit, a local public employee such as Ortino must first "file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings . . . to conduct hearings under this section." Fla. Stat. § 112.3187(8)(b). If the local governmental authority does not resolve the complaint to the public employee's liking, the employee may then file suit. Id. However "[i]f the local governmental authority has *not* established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction." Id. (emphasis added). Thus, the FWA requires Ortino to exhaust administrative remedies only if such remedies were established by the District. Here, the District has not provided any evidence that applicable administrative remedies existed. Further, Ortino

---

[2] The District also argues that Ortino's FWA claim is untimely. For the reasons set forth in the Court's analysis of Count I, the District's motion to dismiss on that basis is denied.

10

has alleged that "[a]ll conditions precedent to bringing this action of occurred, been waived, excused or satisfied." (Doc. #1, ¶ 8.) Satisfaction of conditions precedent, such as exhaustion of administrative remedies, need only be alleged generally. Fed. R. Civ. P. 9(c). Therefore, the District's motion to dismiss on this basis is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #12) is **GRANTED IN PART and DENIED IN PART.** Count II of the Complaint is **dismissed without prejudice**. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of April, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record